CORAL GABLES, INCORPORATED, PLAINTIFF-APPELLANT,
v. EDMUND T. DUVAL AND CLARA R. DUVAL, DEFEND-
ANTS-RESPONDENTS.

Submitted January 29, 1937—Decided May 4, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the plaintiff-appellant, *Glenn & Glenn* (*Alfred T. Glenn, Jr.*).

For the defendants-respondents, *Isaac C. Ginsburg* and *Edward I. Feinberg*.

The opinion of the court was delivered by

CASE, J.   This is an action upon two promissory notes given by the defendants to George E. Merrick, assigned by him to Coral Gables Corporation and by that corporation to Coral Gables, Incorporated.   The jury returned a verdict of "no cause of action," and judgment for the defendants was entered thereon.   From that judgment the plaintiff appeals, writing down four grounds, namely, (1) the judgment is contrary to law, (2) the verdict is contrary to the weight of the evidence, (3) the trial court erred in refusing to direct a verdict in favor of the plaintiff, (4) the trial court erred in its charge to the jury.

The first and second grounds are not argued. Nothing more need be said of them. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497. The fourth ground does not specifically point out the judicial action complained of and does not present an alleged error for our consideration. *Booth* v. *Keegan,* 108 *Id.* 538.

This leaves only the third ground, which is limited by the argument made on behalf of the appellant to the proposition that the plaintiff, although not a holder in due course, had derived its title to the notes through a holder in due course, and that as the plaintiff was not a party to any fraud or illegality affecting the instruments it had the rights of the former holder in due course with respect to all prior parties (section 58 of the Uniform Negotiable Instruments law, 3 *Comp. Stat., p. 3732,* at *p. 3741*); wherefore, as appellant argues, plaintiff's case was proved, without valid defense, and the court erred in considering that there was anything to go to the jury.

The evidence, the rulings upon which are not made the subject of appeal, discloses that which the respondents contend is a condition subject to which the notes were delivered. Appellant makes factual denial that any condition was imposed. It does not, however, dispute that such an agreement as respondents' testimony brings into the case would, if true, constitute a condition within the meaning of the statute. We do not pass thereon. The question is whether, assuming that there was a condition, the present holder took subject to it. Merrick, the payee, said to be a party to the fixing of the alleged condition, was the president of Coral Gables Corporation at the time the notes were endorsed to that corporation and at the time that the corporation transferred the notes to Coral Gables, Incorporated; also, he was and is a director of the last named company. On a review of the evidence, we are unable to say that, as a matter of law, knowledge of the condition did not come to Merrick in such fashion as to make his knowledge that of the corporation of which he was the president and the active agent. Appellant's argument correctly assumes that if the defense of conditional delivery could have been raised against Coral Gables

Corporation, it may be raised against the appellant. It is, we think, clear that if the corporation took from the payee, with notice that the delivery of the notes to the payee was incomplete because a condition prerequisite to delivery had not been complied with and that there could be no complete or unconditional delivery until the accomplishment of a named transaction which had not yet come to pass, then an attempted collection of the notes by the corporation would be subject to a defense grounded in that omission. Our study of the transcript leads us to the conclusion that there was pertinent testimony thereon which, either directly or in its inferences, called for jury determination.

The judgment below will be affirmed, with costs.